UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HAROLD McPHAIL, | ) | Civil Action No.: 4:11-cv-2417-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| SONOCO PRODUCTS COMPANY and | ) | |
| SONOCO PAPERBOARD GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

Presently before the Court is Defendants' Motion for Sanctions (Document # 44) pursuant to Rule 11(c)(2), Fed.R.Civ.P.  Defendants seek an order directing Plaintiff or his counsel to pay them the costs and fees incurred in investigating and seeking discovery on factual allegations made by Plaintiff that did not have evidentiary support and were not likely to have evidentiary support.  Specifically, Defendants assert that Plaintiff knew or should have known that Sonoco Paperboard Group, LLC, (Sonoco Paperboard) was not a proper defendant when he filed his Amended Complaint, and Plaintiff made substantial errors in pleadings and during discovery, which he failed to timely correct.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

**II.     FACTS**

**A.     Sonoco Papberboard**

On October 27, 2011, a few weeks after Plaintiff initially filed his Complaint, Defendants' counsel wrote Plaintiff's counsel informing him that Sonoco Paperboard was not Plaintiff's employer and, in fact, had no operations in South Carolina.  Speth Letter dated 10/27/2011 (attached as Ex. A

to Defendants' Motion). Defendants' counsel again informed Plaintiff's counsel that Sonoco Paperboard was not Plaintiff's employer during the Rule 26(f) Conference on November 14, 2011. Speth Aff. ¶ 6 (attached as Ex. B to Defendants' Motion). At that time, Plaintiff's counsel indicated he would dismiss Sonoco Paperboard. Id. He never did.

Plaintiff subsequently filed a Motion to Amend his Complaint.[1] The proposed Amended Complaint again named Sonoco Paperboard as a defendant. Plaintiff alleged that Sonoco Paperboard "operated as a business within the State of South Carolina and the County of Darlington," (Am. Compl. ¶ 5), even though Plaintiff's counsel had been informed that Sonoco Paperboard had no operations in South Carolina. In Footnote 1 of their Response in Opposition to the Motion to Amend, Defendants advised that if Plaintiff did not dismiss Sonoco Paperboard, Defendants would move for sanctions under Fed. R. Civ. P. 11(c).

Defendants argue that they are entitled to the costs associated with Plaintiff's failure to dismiss Sonoco Paperboard, including preparation of the Motion for Summary Judgment and Memorandum in support as to the claim against Sonoco Paperboard, questioning Plaintiff regarding Sonoco Paperboard during his deposition, communicating with Plaintiff's counsel regarding Sonoco Paperboard's inclusion in this case, and conducting interviews to determine what, if any, role Sonoco Paperboard played in Plaintiff's employment.

Plaintiff does not dispute any of the facts with respect to defense counsel's communication with Plaintiff's counsel regarding Sonoco Paperboard but argues that naming Sonoco Paperboard as a Defendant "did not unduly prejudice the position of the Defendant in any way" and does not justify

---

[1] Prior to filing the Motion to Amend, Plaintiff filed the Amended Complaint, which was removed by the Clerk's Office because it was filed without Defendants' consent or leave of court. See Rule 15(a), Fed.R.Civ.P.

an award of sanctions. Plaintiff's Response (Document # 48) p. 1. Plaintiff argues that he served only one set of discovery so no additional time was spent answering discovery specifically for Sonoco Paperboard, Defendants filed one Answer collectively, and the portion of Defendants' one Motion for Summary Judgment dedicated to Sonoco Paperboard was small.

### B. Scrivener's Errors

Plaintiff filed his Complaint on September 9, 2011, alleging a cause of action for violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654 (2010) ("FMLA"). The factual basis of the Complaint was that Plaintiff had PTSD as a result of serving in the military and that Defendants disciplined and ultimately terminated him for missing work due to his PTSD. Compl. ¶ 9. On November 14, 2011, the parties held a conference pursuant to Fed. R. Civ. P. 26(f). Speth Aff. ¶ 3. During the Rule 26(f) Conference, Defendants' counsel asked Plaintiff's counsel in which branch of the military did Plaintiff serve, and Plaintiff's counsel responded that he did not know his client was in the military. Id. at ¶ 5. When directed to Paragraph 9 of the Complaint, wherein Plaintiff alleged he was diagnosed with PTSD after serving the military, Plaintiff's counsel stated that he would get back to Defendants' counsel on this issue. Id. He never did. Id.

Plaintiff continued to assert that he suffered from PTSD following the Rule 26(f) conference. In his Responses to Local Rule 26.03 (Document #9) filed on November 30, 2011, he asserted "The Plaintiff was diagnosed with Post Traumatic Stress Disorder after leaving the military." Additionally, Plaintiff responded to Defendants' specific questions about PTSD in their Interrogatories and Requests for Production as if PTSD was the correct illness suffered by Plaintiff. See Response to Defendants' First Set of Interrogatories (attached as Ex. C to Defendants' Motion) (identifying Pee Dee Healthcare, PA as the physician that diagnosed him with PTSD); Response to Defendants' First Set of Requests for Production (attached as Ex. D to Defendants' Motion)(indicating that he had attached medical

documents related to his PTSD).  In a letter included with Plaintiff's discovery responses, Plaintiff's counsel noted there were scrivener's errors in the Complaint, but did not identify those errors. Wigger Letter dated 01/11/2012 (attached as Ex. E to Defendants' Motion).  Defendants admit that they did not initially believe Plaintiff had PTSD or served in the military but after numerous representations by Plaintiff to the contrary, they had no choice but to think Plaintiff was proceeding under such a theory.

Subsequently, Plaintiff filed a Motion to Amend his Complaint.  In the Motion, he sought leave to amend his Complaint to allege that Plaintiff was diagnosed with gastroenteritis rather than PTSD, to properly identify Jayden Gardner as a plaintiff and to add a doctrine of necessities cause of action. This Court held a hearing on Plaintiff's Motion to Amend Complaint. During the hearing, Plaintiff informed the Court and Defendants' counsel that the references in the Motion to Jayden Gardner and a doctrine of necessities cause of action were also scrivener's errors, but Plaintiff did indeed want to amend the Complaint to allege that he suffered from gastroenteritis, not PTSD.  The undersigned granted Plaintiff's Motion to Amend and denied Defendants' request for fees and costs, indicating, however, that he may consider awarding them at a later time.

Defendants assert that their costs and fees associated with Plaintiff's factual errors include traveling to and from Hartsville to interview Sonoco employees about Plaintiff's military service and PTSD (without knowing that Plaintiff was ultimately going to assert he suffered from gastroenteritis); conducting written discovery on Plaintiff's military service and PTSD; asking Plaintiff questions in his deposition about his military service, his PTSD, and Jayden Gardner; reviewing and responding to correspondence and court filings by Plaintiff regarding his desire to amend the Complaint to correct the factual errors; opposing Plaintiff's Motion to Amend the Complaint; and participating in a telephonic hearing regarding Plaintiff's Motion to Amend the Complaint.

Again, Plaintiff does not dispute that he made scrivener's errors in his Complaint and his Motion to Amend the Complaint. However, he argues that the errors did not create more work for defense counsel and do not warrant sanctions. Plaintiff asserts that defense counsel's questioning during his deposition regarding the scrivner's errors was not extensive or unduly burdensome. Thus, Plaintiff asks that Defendants' Motion for Sanctions be denied.

### III.   APPLICABLE LAW AND DISCUSSION

Rule 11 provides, in part, that by submitting a filing to the court, the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Rule 11(b), Fed.R.Civ.P. Rule 11 further allows a court to impose sanctions for violations of subsection (b) "limited to what suffices to deter repetition of the conduct or comparable conduct," including, inter alia, "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Rule 11(c)(4), Fed.R.Civ.P.

Aside from Defendants' reference to Rule 11, Fed.R.Civ.P., neither party addresses the law to be applied when reviewing a Motion for Sanctions. When imposing Rule 11 monetary sanctions, as requested by Defendants in this case, a court must "expressly consider ... (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." Brubaker v. City of Richmond, 943 F.2d 1363, 1374 (4th Cir.1991) (internal quotations omitted) (citing In re Kunstler, 914 F.2d 505, 523 (4th Cir.1990)). The Court is unable to consider the first three factors because Defendants have not provided the court with an affidavit of fees and costs associated with the harm they claim to have suffered as a result of Plaintiff's conduct. Nevertheless, consideration of the fourth factor is sufficient to determine that

sanctions are not warranted in this case.

The severity factors to consider include "the offending party's history, experience and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate." Brubaker, 943 F.2d at 1388. There is no evidence in the record that counsel has a history of making such errors in other cases or that he is anything less than capable of representing his clients. Plaintiff's counsel clearly made mistakes in his pleadings and during the discovery process. However, because Defendants were aware that Plaintiff did not work for Sonoco Paperboard and that he suffered from gastroenteritis, not PTSD, prior to his termination, the severity of the errors is minimal. Finally, there is no evidence that the errors were made with malice or bad faith. There is no indication that Plaintiff had any desire to mislead Defendants or the court. In sum, Plaintiff's errors in this case are not so egregious as to invite sanctions. Thus, the court declines to award them here.

## IV.     CONCLUSION

For the reasons discussed above, Defendants' Motion for Sanctions (Document # 44) is **DENIED**.

**IT IS SO ORDERED.**

                                                     s/Thomas E. Rogers, III
                                                   Thomas E. Rogers, III
                                                   United States Magistrate Judge

May 31, 2013
Florence, South Carolina