IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Harold McPhail, ) | Civil Action No.: 4:11-cv-02417-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Sonoco Products Company and ) | |
| Sonoco Paperboard Group, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Harold McPhail ("Plaintiff") filed the above action against his former employer Sonoco Products Company ("Sonoco"), and Sonoco Paperboard Group, LLC ("Sonoco Paperboard") (collectively, "Defendants"), alleging violations under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654 (West 2003 & Supp. 2010).

On December 3, 2012, Defendants filed a Motion for Summary Judgment, along with a memorandum in support. Plaintiff filed his Response on December 20, 2012, to which Defendants filed a Reply.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers.[1] In the R&R, the magistrate recommends that the Court grant Defendants' Motion for Summary Judgment. Plaintiff timely filed Objections to the R&R on June 17, 2013, to which Defendants filed a Reply.

For the following reasons, this Court adopts the R&R.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

## **Background**[2]

Plaintiff worked for Sonoco as a winder operator in its paper mill in Hartsville, South Carolina, from August 23, 2004, until his termination on September 18, 2009. Beginning in 2006, Plaintiff began to receive poor reviews indicating problems with his work quality and attendance. Between 2007 and early 2009, Plaintiff received a written reprimand, six write-ups, which included a formal discussion, two written reprimands, a verbal reprimand, and two disciplinary layoffs. One of these write-ups was for not completing a safety program while the other five were for quality errors. From January 8, 2009, through August 18, 2009, Plaintiff was written up six more times, mostly for poor attendance but also for quality errors and using his cell phone inside the paper mill.

On August 18, 2009, Plaintiff met with his shift supervisor and the mill superintendent regarding his poor attendance. Plaintiff also claimed he was being "harassed and bothered" by his shift supervisor. The same evening as the meeting, Plaintiff failed to show up for a scheduled shift.

Sometime after August 18, 2009, Plaintiff was diagnosed with gastroenteritis, commonly known as the stomach bug or food poisoning. Plaintiff's doctor wrote Plaintiff an excuse to remain out of work from August 20, 2009, through August 25, 2009. By Plaintiff's own admission, this is the only documentation Plaintiff ever submitted regarding his gastroenteritis.

On August 27, 2009, in a meeting with Sonoco's senior human resources manager, Plaintiff received two more write-ups. The first write-up was for using his cell phone inside the paper mill. The second write-up documented that Plaintiff would receive a five-day disciplinary layoff as the result of his absence on August 18, 2009. Sonoco excused any absences during the period covered

---

[2] The facts of this case, including citations to the record, are discussed more thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 54, at 1–7.]

by the doctor's note. Within the next month, Plaintiff left work early and, according to Sonoco, was also late. The latter two attendance infractions would have given Plaintiff enough occurrences within the previous twelve months to warrant termination under Sonoco's attendance policy.

On September 14, 2009, two days after accumulating his tenth attendance occurrence, Plaintiff got into a verbal confrontation with a fellow employee on the mill floor. Plaintiff and the fellow employee raised their voices in what amounted to a shouting match. Plaintiff met with his shift supervisor, the mill superintendent, and a safety coordinator concerning this incident. Following the meeting, Plaintiff was sent home and told not to return until he heard from someone at Sonoco. This was the last day Plaintiff worked at Sonoco.

In a meeting September 18, 2009, in which the plant manager was in attendance, the mill superintendent informed Plaintiff he was terminated. The superintendent prepared a disciplinary summary detailing the reasons Plaintiff should be terminated. Plaintiff 's absences on August 22, 23, and 24 were not mentioned on the summary, which indicated that the decision to terminate Plaintiff was based upon his history of "systemic abuse" and "disregard for department policies and procedures." Plaintiff 's absences due to gastroenteritis were not discussed in this meeting.

## **Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. §

636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. The bulk of Plaintiff's objections appear to rehash his initial arguments before the magistrate or simply state the law applicable to FMLA cases without directing this Court to any specific error. *See Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) ("[A] district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." (quoting *Lockert v. Faulkner*, 843

4

F.2d 1015, 1019 (7th Cir. 1988))).

To the extent Plaintiff's arguments constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings. Nonetheless, out of an abundance of caution the Court will briefly address the objection lodged by Plaintiff.

Plaintiff appears to attack the magistrate's finding that Plaintiff has failed to show that he suffered from a "serious medical condition" as required by the FMLA because he cannot show that he participated in the "regimen of continuing treatment" prescribed by his physician. [Obj., Doc. # 55, at 4.] However, this argument does not address the magistrate's point that an individual must participate in the regimen of continuing treatment (i.e., actually take prescription medication as a part of his treatment regimen) before the individual's illness constitutes a serious health condition under 29 C.F.R. § 825.115(a)(2). [*See* R&R, Doc. # 54, at 12–14 (citing numerous authority).] Here, Plaintiff admitted that he never took the medications prescribed by his physician.

Moreover, Plaintiff utterly fails to address the magistrate's additional holding that even if Plaintiff's gastroenteritis could be considered a serious health condition, Plaintiff has failed to present sufficient evidence of the third *prima facie* requirement: a causal connection between his alleged FMLA leave and his termination. [*See id.* at 14.] For the reasons stated by the magistrate in his R&R, the Court concurs with this finding.[3]

### Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the

---

[3] The Court also notes that in his objections Plaintiff argues that he "has presented at least a scintilla of evidence" in support of his case. [Obj. Doc. # 55, at 4.] However, when facing summary judgment in federal court, the non-moving party must come forward with enough evidence, *beyond a mere scintilla*, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).

5

R&R, Defendants' Reply, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the R&R.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 43] is **GRANTED** and this case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
August 12, 2013